**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-CR-282** |
| **KIRK DAVID, ET AL.** | **SECTION "B" (4)** |

## ORDER

Before the Court is Defendant, Kirk David's, ("David") **Motion for Discovery and Inspection Under F.R.C.P. 16 (R. Doc. 69)**, seeking an Order from this Court requiring Plaintiff, the United States of America, ("United States") to produce specified items. The United States has filed an untimely opposition. (R. Doc. 73).[1] The motion was noticed for submission on March 13, 2013, and heard on the briefs on that date.

## I.      Background

On November 1, 2012, the United States brought this indictment against David as well as six other persons for knowingly possessing with intent to distribute "five kilograms or more of cocaine

---

[1] Local Criminal Rule CLrR12 states that, "[p]retrial motions relative to discovery shall be filed within the time set by the magistrate judge, and shall be noticed for hearing on the motion day following the expiration of 15 days. The government shall file its response no later than eight calendar days before the scheduled hearing date." *Id.* In this case, David's motion was noticed for submission on March 13, 2013, and the United States filed its opposition on March 12, 2013, and nor did the government file a motion for leave to file its untimely motion. Therefore, the United States' filing is in contravention of the Rule and will not be considered here.

hydrochloride," and 100 kilograms or more of marijuana." (R. Doc. 1, pp. 1-2).[2] Cocaine is a Schedule II narcotic drug controlled substance, whereas marijuana is a Schedule I drug controlled substance. *Id.* The United States alleges that David's actions violated 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), § 841(b)(1)(B), and 21 U.S.C. § 846. *Id.* at 2.[3]

On November 2, 2012, a warrant for David's arrest was executed. (R. Doc. 16). On November 5, 2012, David made an initial appearance before U.S. Magistrate Judge Knowles, at which time the indictment was read to him in summary fashion, and he requested court-appointed counsel. (R. Doc. 8). The federal public defender was appointed to represent David on the same day. (R. Doc. 9). David's counsel made an initial appearance on November 7, 2012, at which time David was remanded to the custody of the U.S. Marshal. (R. Doc. 23).

On January 2, 2013, the presiding U.S. District Judge conducted a telephone status conference with the parties, in which he found that "pursuant to 18 U.S.C. § 3161(h)(8), the ends of justice served by continuing the trial outweigh the best interests of the public and the Defendant in a speedy trial." (R. Doc. 49, p. 1). On March 12, 2013, the United States filed a notice of a proposed trial and discovery schedule, in which it characterized its investigation leading to the indictment as spanning "several years," which produced not only voluminous discovery materials, but also required considerable efforts in ensuring that the identity of the United States' confidential informants was protected. (R. Doc. 72, p. 1). The United States stated that it anticipated finishing the document redaction process by April 12, 2013. *Id.* at 1-2.

---

[2]These persons were Rafael Garcia, Amanda Labra, Todd Kraemer, Patrick Wooten, and Johnny Theriot. (R. Doc. 1, p. 1).

[3]In the Indictment, Counts 2-4 involve Garcia, Theriot, Labra, as well as "others known and unknown to the Grand Jury," but do not mention David by name. (R. Doc. 1, pp. 1-3).

On February 15, 2013, the instant motion was filed. The United States filed an untimely motion in opposition on March 12, 2013. The motion was heard on the briefs the next day.

## II.    Law and Arguments

In support of his entitlement to discovery, David cites several provisions of Federal Rule of Criminal Procedure ("Rule") 16, as well as the *Brady* doctrine. (R. Docs. 69, 69-2). He also argues that "this request is a continuing request," for which David requests compliance as more information becomes available to the United States. (R. Doc. 69, p. 3).

The Court notes that the indictment accuses David of a conspiracy involving six other individuals, who have all been criminally charged; and although the United States in its proposed discovery schedule indicates that the investigation of this case involved elaborate and longstanding preparations which suggest that some of David's discovery may be relevant to defense of the other cases, (R. Doc. 72), David's own filing does not indicate that there is any overlap between the discovery he seeks, and discovery relevant to his other alleged co-conspirators.

The Court addresses David's numbered discovery requests as they address discrete subsections of Rule 16.

**1.    The existence of any oral statement made by Kirk David, including information as to when, where and to whom such statement was made. This request extends to statements made by any co-conspirators made during the course of and/or in furtherance of the conspiracy alleged in Count One of the instant indictment. F.R.Cr.P. 16 (a) (1) (A).**

**2.    The substance of any statement made by Kirk David to any law enforcement official. F.R.Cr.P. 16 (a) (1) (A). This request extends to any notes created by law enforcement officials should they exist.**

(R. Doc. 69, pp. 1-2). Rule 16(a)(1)(A) provides:

Upon a defendant's request, the government must disclose to the defendant the

substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. Rule 16(a)(1)(A).

In support of the motion, David argues that "[t]his requirement has been construed to include recordings of telephone conversations, face-to-face-meetings, written letters or memoranda and statements made during the commission of a crime." (R. Doc. 69-2, p. 1) (citing *United States v. Manetta*, 551 F.2d 1352, 1356 (5th Cir. 1977). However, David's requests No. 1 and 2 outstrip the plain language of the Rule both in terms of the scope of their requested subject matter, as well as the persons from whom discovery is requested. The Court considers each of these requests in turn.

### a. "Any Oral Statement"

The Rule extends only to the "substance" of "any *relevant* statement." However, David's Request No. 1 requests "any oral statement," without limitation. The Fifth Circuit has found that Rule 16(a)(1)(A) applies to "any oral statement," without considering whether such a statement was "relevant." *United States v. Marshall*, 487 F. App'x 895, 898 (5th Cir. 2012). Therefore, although David's request goes beyond the plain language of the Rule, it can be granted as applied to "any" oral statement, subject to the limitations described in (b) and (c), below.

### b. "Made by Co-Conspirators"

The Rule extends only to the statements "made by the *defendant*." However, David requests statements not only from himself, but those "made by any co-conspirators."

The Fifth Circuit has not explicitly ruled whether co-conspirator statements are discoverable under Rule 16(a)(1)(A). However, "[b]y its express terms, Rule 16(a)(1)(A) does not apply to written or recorded statements, including [formal] reports, concerning witnesses other than the defendant." *Bieganowski v. United States*, 2006 WL 2259710, at *74 (W.D. Tex. Aug. 4, 2006). Accordingly, trial

4

courts have found that a defendant is not entitled to production of co-conspirator statements under Rule 16. *United States v. Haney*, 2011 WL 976786, at *4 n.5 (N.D. Tex. Mar. 21, 2011); *United States v. Saleh*, 2010 WL 2944621, at *2 (N.D. Tex. July 26, 2010); *United States v. St. Pe'*, No. 92, 459, 1992 WL 345118, at *2 (E.D. La. Nov. 6, 1992).

In this case, because Rule 16 does not apply to statements made by co-conspirators; therefore, David's request is denied to the degree it requests such information.

### c. "Notes Created by Law Enforcement Officials"

Finally, although not contained in the plain language of the Rule, David seeks to obtain any "notes" created by law enforcement.

The Fifth Circuit has found that even where "notes" might technically be discoverable under Rule 16(a)(1)(A), the failure to produce preparatory interview notes is irrelevant where the notes are "substantially identical" to discovery which was provided to the defendant. *United States v. Brown*, 303 F.3d 582, 590-91 (5th Cir. 2002). *United States v. Case*, 2008 WL 1958176, at *2-*3 (S.D. Miss. Apr. 25, 2008) (applying *Brown* to interview note request brought under Rule 16(a)(1)(A) and (B)); *Bieganowski v. United States*, 2006 WL 2259710 (W.D. Tex. Aug. 4, 2006) ("The government has no duty to provide the defense with a copy of the notes the agent took during the defendant's interview if the [formal report] contains all the information contained in the interview notes."). Accordingly, a defendant who offers only "speculation about the evidentiary worth" of such notes fails to demonstrate that they should have been produced. *United States v. Austin*, 42 F.3d 642, 1994 WL 7086780, at *3 (5th Cir. Dec. 7, 1994) (Table, text in Westlaw).

In this case, David has made no showing that any notes were created, that they were different from any formal reports, or that they might have evidentiary value. Therefore, his request for "notes"

is denied.

### 3. Any written or recorded statement made by Kirk David. F.R.C.rP. 16(a)(1)(B).

(R. Doc. 69, p. 2).  Rule 16(a)(1)(B) provides:

> Upon a defendant's request, the government must disclose to the defendant, or make available for inspection, copying, or photographing, all of the following:
> (i) any relevant written or recorded statement by the defendant if:
> –the statement is within the government's possession, custody, or control; and
> –the attorney for the government knows–or through due diligence could know–that the statement exists . . . .

In support of his motion, David makes the identical argument that 16(a)(1)(B) "has been construed broadly" to include recordings of many kinds "whether oral, written or recorded." (R. Doc. 69-2, p. 1).

Here, David's request No. 3 is outside the proper scope of the Rule not due to the *type* of recording it requests, but because the plain language of the Rule which entitles the defendant only to "any *relevant* . . . statement." *See United States v. El-Mezain*, 664 F.3d 467, 519 (5th Cir. 2011); *see Case*, 2008 WL 1958176, at *3 (finding that circumstantial inquiry governed production of government's written material).  Admittedly, other Fifth Circuit courts have characterized the Rule as applying to discovery without referring to "relevance."  *See United States v. Garcia*, 437 F. App'x 346, 347 (5th Cir. 2011); *Austin*, 1994 WL 708670, at *4.  However, the plain language of the Rule, and the Fifth Circuit's failure to explicitly rule on the same, indicates that the United States' obligation to produce "written or recorded statements" is limited to such statements which are "relevant."  David's request is limited accordingly.

**4.     Kirk David's prior criminal record pursuant to Fed. R. Crim. P. 16(a)(1)
        (D).**

(R. Doc. 69, p. 2).  Rule 16(a)(1)(D) provides:

> Upon a defendant's request, the government must furnish the defendant with a copy
> of the defendant's prior criminal record that is within the government's possession,
> custody, or control if the attorney for the government knows–or through due diligence
> could know–that the record exists.

In support of his motion, David argues that "[t]hese records are urgently needed by
undersigned counsel so as to adequately advise . . . David on his sentencing exposure."  (R. Doc. 69-2,
pp. 1-2).  Here, David's request No. 4 is clearly within the plain language of the Rule to the degree any
such record is "within the government's possession, custody, or control."  David is entitled to
discovery accordingly.

**5.     Any documents and tangible objects discoverable pursuant to Fed. R.
        Crim. P. 16(a)(1)(E). This request includes all reports of investigative
        efforts of N.O.P.D., the Drug Enforcement Administration, U.S. Customs
        Office, Federal Bureau of Investigation, Bureau of Alcohol, Tobacco and
        Firearms or any other federal agency.**

(R. Doc. 69, p. 2).  Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and
> to copy or photograph books, papers, documents, data, photographs, tangible objects,
> buildings or places, or copies or portions of any of these items, if the item is within the
> government's possession, custody, or control and:
> (I) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

In support of his motion, David argues that he needs the enumerated records in order to
adequately prepare his defense.  (R. Doc. 69-2, p. 2).  Here, however, David's request No. 5 is
overbroad in that the request includes "all reports of investigative efforts" without limitation.  David
does not specify how such "investigative reports" are directly applicable to his case, or whether the

United States will use such reports in its case-in-chief at trial.

Therefore, the particular "reports" David includes are properly requested only to the degree they meet the requirements of Rule 16(a)(1)(E). The United States is therefore required to produce any investigative reports which are material to the defense, which could be used by the United States or if the information contained in the report were obtained from or belongs to David.

**6.      Any reports of examinations and tests discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(F).**

(R. Doc. 69, p. 2). Rule 16(a)(1)(F) provides:

> Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
> (i) the item is within the government's possession, custody, or control;
> (ii) the attorney for the government knows–or through due diligence could know–that the item exists; and
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

In support of his motion, David argues that he has not been provided with any expert reports, and that given the nature of the charged offense, "there simply must be, at the very least, expert chemist reports concerning narcotics seized during the investigation." (R. Doc. 69-2, p. 2).

The United States shall in compliance with Rule 16(a)(1)(F) immediately produce any scientific expert report, to the degree that it exists and is material to either the defense or if the United States intends to use such witnesses at trial.

**7.      Any written summary of any expert witness testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G). In addition to the aforesaid, Kirk David also requests that the government be ordered to provide the curriculum vitae of said experts.**

(R. Doc. 69, p. 2). Rule 16(a)(1)(G) provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, and the bases and reasons for those opinions, and the witness's qualifications.

In support of his motion, David reiterates his argument that given the nature of the crime charged, an expert chemist report must have been procured by the government. (R. Doc. 69-2, p. 2). While David also seeks each expert's' curriculum vitae, the plain reading of the Rules requires the United States' compliance only as it relates to the summary of the testing information pursuant to (b)(1)(C)(ii). This request is only triggered where the United States has requested discovery, and the defendant has complied. The Court has not been provided with any information suggesting that the second prong of Rule 16(G) has been triggered. Therefore, the Court finds that the United States is required to produce a summary of any scientific expert's testimony but not any corresponding curriculum vitae for the reasons assigned above.

**8.     Finally, any evidence which exculpates or which tends to exculpate Kirk David.**

(R. Doc. 69, pp. 2-3).

This language, while not contained in the body of Rule 16, is nonetheless discoverable under the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, which holds that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guild or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Under *Brady* the United States must disclose exculpatory evidence "even if

no request is made." *United States v. Agurs*, 429 U.S. 97, 107 (1976). Such evidence extends to impeachment evidence. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). To prevail on a *Brady* claim, a defendant must demonstrate (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material to his guilt or punishment." *Mahler v. Kaylo*, 537 F.3d 494, 500 (5th Cir. 2008).

In support of his motion, David argues that the United States has the obligation of making *Brady* materials available to him with sufficient time to enable him to use them in preparation of his defense. (R. Doc. 69-2, p. 3). David further argues that he has "received little in the way of discovery from the government and nothing that connects him to the charged offense," even though he argues that expert chemist reports "must" have been prepared. *Id.* at 2.

Plainly, under *Agurs* David need not make any showing to trigger the United States' obligation to provide him with material discovery; nevertheless, he has raised at least a plausible argument that the government may not have produced all relevant expert materials in contravention of, at least, Rule 16(a)(1)(F). Therefore, the United States pursuant to *Brady* shall disclose all exculpatory and impeachment materials that if suppressed would deprive the defendant of a fair trial.

**III.**    <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that Defendant, Kirk David's, ("David") **Motion for Discovery and Inspection Under F.R.C.P. 16 (R. Doc. 69)** is **GRANTED** in part and **DENIED** in part.

It is **GRANTED** in part as David's request under Rule 16(a)(1)(A). The United Sates shall produce to David any oral statement by David, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement

at trial.

It is **GRANTED** in part as to David's request under Rule 16(a)(1)(B).  The United States shall produce to David any relevant written or recorded statement within the United States' custody, possession, or control if the attorney for the United States knows, or through due diligence could know, that the statement exists.

It is **GRANTED** as to David's request under Rule 16(a)(1)(D).  The United States shall produce to David a copy of David's prior criminal record that is within the United States' possession, custody, or control if the attorney for the United States knows, or through due diligence could know, that the record exists.

It is **GRANTED** in part as to David's request under Rule 16(a)(1)(E).  The United States shall produce to David any investigative reports which are material to the defense, which could be used by the United States, or if the information contained in the report were obtained from or belongs to David.

It is **GRANTED** as to David's request under Rule 16(a)(1)(F).  The United States shall immediately produce to David any scientific expert report, to the degree that it exists and is material to either the defense or if the United States intends to use such witnesses at trial.

It is **GRANTED** in part as to David's request under Rule 16(a)(1)(G).  The United States shall produce to David a summary of any scientific expert's testimony.

It is **GRANTED** as to David's request for *Brady* material.  The United States pursuant to *Brady* shall disclose to David all exculpatory and impeachment materials that if suppressed would deprive the defendant of a fair trial.

It is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the United States is to produce the discovery stated herein

no later than fourteen (14) days after the issuance of this Order.

New Orleans, Louisiana, this 1st day of April 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**